UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JOHN R. SCOTT,                                        Case No. DG 08-07918
                                                      Hon. Scott W. Dales
             Debtor.                                  Chapter 7
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

On October 22, 2008, the United States Trustee filed a statement of presumed abuse in this Chapter 7 proceeding involving John R. Scott ("Debtor").  Thereafter, the United States Trustee filed a Motion to Dismiss under 11 U.S.C. § 707(b) arguing that the presumption of abuse arises under the Code and that granting relief under the provisions of Chapter 7 would constitute an abuse under the totality of the circumstances test as set forth in In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989). Pursuant to the court's Scheduling Order in this contested matter, the Debtor filed a Motion for Summary Judgment seeking an early ruling as a matter of law that the presumption of abuse did not arise in this case under the authority of In re Kimbro, 389 B.R. 518 (6th Cir. BAP 2008).  In addition, the Debtor contends that summary judgment in his favor is warranted because the Debtor is required to have deducted from his pay the funds necessary to repay a 401(k) loan through his employment.

The United States Trustee filed an objection to the Debtor's Motion for Summary Judgment.  The court has considered the motion and the objection and will decide the issues without oral argument.

It is fair to divide the motion into two parts as, in effect, the United States Trustee's dismissal motion is divided into two parts.  Specifically, the first aspect of the

Debtor's motion takes aim at the supposed presumption of abuse under 11 U.S.C. § 707(b)(1); the second aspect of the motion addresses the totality of the circumstances.

The Debtor argues that although he has no loan payment secured by a motor vehicle, he is nevertheless permitted to deduct $489.00 on account of a transportation ownership allowance under the authority of Kimbro. The Debtor argues that utilizing the Trustee's amended means test attached as Exhibit A to the United States Trustee's dismissal motion, and taking into account the transportation allowance as Kimbro appears to permit, the Debtor would only have monthly disposable income of $62.98. This is not enough to raise the presumption of abuse. In response, the United States Trustee argues that Kimbro is not binding or well-reasoned. The United States Trustee also argues that the Debtor failed to disclose rental income allocable to a property in Ludington, Michigan, in the amount of $575.00 per month. Given the Debtor's late disclosure of this additional income, the United States Trustee contends that he should be given an opportunity to file a corrected Means Test before the court decides the Motion for Summary Judgment. This request is in the nature of a request under Fed. R. Civ. P. 56(f). Although the United States Trustee has not supported the request with an affidavit, in this instance the court will waive the affidavit requirement and deny the Motion for Summary Judgment on the presumption of abuse issue, in order to allow the United States Trustee to prepare an amended Means Test. Accordingly, the court will deny the Debtor's Motion for Summary Judgment regarding the presumption of abuse.

With respect to the second aspect of the Motion for Summary Judgment, namely whether granting relief under the provisions of Chapter 7 would constitute an abuse of that chapter under the totality of the circumstances test as articulated in Krohn, the court is similarly constrained to deny the motion. As the United States Trustee argued, the Debtor's continued repayment of a 401(k) employment loan is itself indicia of abuse under the Bankruptcy Code. See Behlke v. Eisen (In re Behlke), 358 F.3d 429 (6th Cir. 2004). In addition, the court notes that the Debtor's untimely disclosure of the Ludington property and rental income could similarly support a finding of abuse under

<u>Krohn</u>.  For these reasons, the court will deny the Motion for Summary Judgment with respect to the totality of the circumstances.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the trial of this matter shall take place as previously scheduled and other pretrial deadlines remain in effect.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Opinion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John R. Scott, Gregory W. Smith, Esq., Colleen M. Olson, chapter 7 trustee, and Michael V. Maggio, Esq., attorney for the United States Trustee.

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge        **Dated: May 28, 2009**